REDMANN, Judge.
Evidently the trial judge believed the testimony of Mr. and Mrs. Taylor to the effect that the Dunbar automobile did not stop on Washington street at its stop sign for Gal-vez Street but continued on through the intersection with the far lanes of Galvez and the median and into the Taylors’ car. His conclusion had to be that, at the time Taylor looked to his left no car was on Washington at the stop sign for Galvez (or starting up therefrom), and accordingly Taylor was not negligent in starting up from his stop on Galvez at the stop sign for Washington. The testimony of the Taylors and the physical facts of their having moved 20 or more feet (through parking lane extension and into or through first travel lane of Washington) from their stop while plaintiffs moved only about 75 or 80 feet (through parking and two travel lanes plus a 30-foot median plus another travel lane of Galvez) suffice to support the trial judge’s conclusion.
The case presents an ordinary question of belief. The trial judge found no negligence on Taylor and negligence on Dunbar. His reasons indicate he disbelieved Dunbar and his passenger. We are unable to reverse his credibility call. Canter v. Koehring, La. 1973, 283 So.2d 716.
Affirmed.
STOULIG, J., dissents with written reasons.